Sutherland, J., (dissenting.)
In my opinion, the transaction by which Edward Graser undertook to transfer to the *319 plaintiffs’ intestate, Valentine Graser, the entire stock in trade of his firm, without the knowledge or consent of his partner, cannot be upheld, and ought not to be sanctioned by this court.
On the 8th of May, 1858, the partnership was formed, to continue three years: on the 12th of May, the greater portion of the goods in question were bought by the firm for partnership purposes of the defendant, the firm giving therefor to the defendant their two promissory notes, one dated May 12th, 1858, for $467.79, payable three months after date, and the other dated May 10th, 1858, for $1,618.59, payable two years after date, and at the same time Valentine Graser and Hartman Wagner executed their joint bond to the defendant to secure the payment of these notes. Now, on the 25th of August, 1858, Edward Graser, without the knowledge or consent of his partner, William Wagner, and without consulting him, although he was at the place of business of the firm, undertook to sell and transfer to Valentine Graser, for the purpose of indemnifying him for his liability on the bond, and in consideration of his agreeing to pay the defendant for the goods so bought of him, the goods for the possession of which "this action is brought, the greater portion of them being the' goods so bought of the defendant and being the entire stock in trade of the firm, and thus to break up and end the business of the partnership within about three months after it was formed, without any alleged change of circumstances to justify. it, and without even the excuse of insolvency.
In my opinion, Edward Graser had not the power to make the sale and transfer to Valentine Graser, without the knowledge or consent of his partner, which he undertook to make.
Mabbitt v. White (2 Kern., 442), does not show that he had the power to make the sale, for the sale was not .made to pay or to secure the payment of a partnership debt owing to Valentine Graser. The firm was not indebted to Valentine Graser at the time of the sale. It does not appear that, either before or after the sale, Valentine Graser had paid anything on the notes of the firm given to the defendant for the goods. The *320 large note was not due, but had more than eighteen months to run. The small note had been mostly paid, it is to be presumed, by the firm.
Edward Graser had no express power to make the sale. On the contrary, he took care to make it without the knowledge of his partner. If he had power to make it, the power must be implied from the partnership relation. But ought such power to be implied from that relation, to enable him thus to destroy, not only the partnership agreement but the partnership business, not only without any excuse, but with the most apparent bad faith towards his partner? I think not.
In my opinion, the judgment of the Supreme Court should be reversed, with costs.
Allen and Smith, Js., also dissented.
Judgment affirmed.